```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

JAMES TRENDLE,                  )
                                )
            Plaintiff,          )
                                )
      v.                        )     No.  4:10CV2210 FRB
                                )
ALYSON CAMPBELL, et al.,        )
                                )
            Defendants.         )

## **MEMORANDUM AND ORDER**

Presently pending before the Court is defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(h)(3) (Doc. #9). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff James Trendle brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Alyson Campbell, Director of the Missouri Department of Social Services—Family Support Division, wrongfully deprived him of his property, to wit, his wages, without due process of law. Plaintiff also brings a supplemental state law claim against the Missouri Department of Social Services—Family Support Division (hereinafter "FSD") alleging that it denied plaintiff access to public records in violation of Missouri's Sunshine Law. Defendants now move to dismiss this cause of action, arguing that the Court lacks subject matter jurisdiction over the cause and/or that plaintiff fails to state a claim upon which

relief can be granted.  Plaintiff has responded to the motion to which defendants have replied.

## I. Background

A review of plaintiff's Complaint and the attachments thereto shows the following:

In July 2009, plaintiff received a letter from defendant FSD informing him that he owed back child support to his ex-wife, Sharon Trendle, in the amount of approximately $30,000.00. Plaintiff requested a hearing on the matter, after which a hearing date was set in March 2010.

In the meanwhile, on August 21, 2009, FSD entered an Administrative Income Withholding Order directing plaintiff's employer to deduct a certain amount from plaintiff's wages and to forward such monies to the Family Support Payment Center for purposes of satisfying plaintiff's obligation for past-due child support.  Plaintiff's employer was advised that it could not stop such deductions unless it received a termination order.  On that same date, August 21, 2009, FSD mailed to plaintiff a Notice of the Administrative Income Withholding Order and informed plaintiff that he could contest the Order by submitting a written request for a hearing within thirty days.  Beginning September 2009, plaintiff's wages were reduced in accordance with the Order.

In October 2009, plaintiff filed a Motion for Modification of the Dissolution of Marriage in the Circuit Court of

the City of St. Louis, Missouri.  A hearing was conducted on the motion on January 28, 2010, upon which a Judgment Terminating Child Support was entered terminating plaintiff's obligation to pay child support, effective December 8, 2007, inasmuch as the child was determined to be emancipated.  Within the Judgment, it was also ordered that the Notice of Wage Withholding directed to plaintiff's employer was terminated, effective January 28, 2010.  Finally, it was ordered that plaintiff's obligation for child support was abated from January 1, 1997, through December 8, 2007, inasmuch as the child had lived with the plaintiff and because plaintiff was solely or jointly responsible for the care and custody of the child.[1]

In a letter dated February 2, 2010, FSD informed plaintiff, through counsel, that, in accordance with the Judgment Terminating Child Support, it had terminated all actions and would refund to plaintiff "any future money" that FSD would receive.  The letter also stated that "all monies collected in past has [sic] already been disbursed to Ms. Sharon Trendle & therefore would need to be collected from her."  (Pltf.'s Compl., Exh. 5.)

From September 2009 to January 2010, FSD collected over $2,000.00 from plaintiff's wages pursuant to the August 2009 Administrative Income Withholding Order.

---

[1] Although the copy of this Judgment submitted with plaintiff's Complaint is not signed by a judge or other authority (see Pltf.'s Compl., Exh. 6), defendants do not contest its validity.

## II. Discussion

In Count I of his Complaint, plaintiff claims that defendant Campbell's withholding of his wages violated his Fourteenth Amendment procedural right to due process inasmuch as he was not provided an opportunity to be heard prior to such withholding. Plaintiff seeks compensatory and punitive damages, as well as attorney's fees. In the instant Motion to Dismiss, defendant Campbell argues that this Court lacks subject matter jurisdiction over the claim inasmuch as matters involving child support fall within the "domestic relations exception" to federal jurisdiction. In addition, defendant Campbell argues that she is entitled to qualified immunity on the claim inasmuch as her conduct in withholding plaintiff's wages pursuant to an Administrative Order did not violate plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant Campbell also argues that plaintiff fails to state a claim upon which relief can be granted inasmuch as the facts as alleged by plaintiff demonstrate that he received all of the process he was due in accordance with Missouri law and, further, that plaintiff cannot recover under § 1983 on a *respondeat superior* theory of liability.

For the following reasons, the circumstances of this case require the Court to abstain from determining the dispute, and plaintiff's claims should be dismissed.

A.  Domestic Relations Exception

The domestic relations exception grew out of Barber v. Barber, 21 How. 582 584 (1859), in which the Supreme Court announced that federal courts have no jurisdiction over suits for divorce or the allowance of alimony.  Although the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees," it "did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree."  Ankenbrandt v. Richards, 504 U.S. 689, 701-02 (1992).  "[T]he domestic relations exception encompasses only cases involving the *issuance* of a divorce, alimony, or child custody decree."  Id. at 704 (emphasis added).  The exception does not extend to other related issues merely because domestic relations considerations are implicated. Id. at 703-04.

Here, plaintiff does not seek the issuance or modification of a decree involving divorce, child custody or child support.  Instead, plaintiff alleges that defendant Campbell deprived him of due process through her actions in a Missouri state child support proceeding.  Plaintiff is asking this Court to examine whether defendant's actions, which happen to involve child support, comported with the federal constitutional guarantees of due process.  Because plaintiff's claim does not involve the

issuance or modification of a domestic relations decree, the claim falls outside the domestic relations exception to federal jurisdiction.

As such, to the extent defendant Campbell argues that this Court lacks subject matter jurisdiction over plaintiff's due process claim, defendant's argument fails.

B.   Abstention

Nevertheless, even where federal jurisdiction exists, a federal court should abstain from deciding domestic relations cases under certain circumstances.  See Ankenbrandt, 504 U.S. at 705 (citing Burford v. Sun Oil Co., 319 U.S. 315 (1943)).  See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("[W]hen a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts will generally abstain from exercising jurisdiction.").  "This would be so when a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'"  Ankenbrandt, 504 U.S. at 705 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)).  For the following reasons, this is such a case.

As set out above, plaintiff claims that defendant Campbell denied him due process by failing to provide him an opportunity to be heard on the Income Withholding Order prior to

the actual withholding of his wages.  A review of Missouri's comprehensive statutory scheme governing domestic relations shows Missouri's legislature to have enacted various and numerous laws in this domestic arena, including, <u>inter</u> <u>alia</u>, judgments respecting child support, property subject to garnishment/ attachment for child support, administrative actions on judgments, duties of state administrative agencies in such actions, duties of the parties in such actions, and liability and recovery of overpayments.  <u>See</u> Mo. Rev. Stat. §§ 452.140, <u>et</u> <u>seq.</u>; §§ 454.400, <u>et</u> <u>seq.</u>  Indeed, a cursory review of this statutory scheme shows the following sampling of statutes to have potential relevance to the instant claim raised in this litigation:

> Mo. Rev. Stat. § 452.340, governing abatement and termination of child support obligations;
>
> Mo. Rev. Stat. § 452.345, governing obligations of circuit clerk to remit support payments to person entitled to receive payments within three working days of clerk's receipt of payment;
>
> Mo. Rev. Stat. § 452.350, governing the withholding of income, timing of hearing and decision, time frame within which employer to transmit withheld amounts, court's termination of withholding, and director's authority to issue administrative withholding order;
>
> Mo. Rev. Stat. § 452.370, governing the duty of parent receiving child support to inform obligated parent of child's emancipation with notice that failure to do so results in receiving-parent's liability to obligated parent to pay amount of child support which was paid following emancipation, plus interest;
>
> Mo. Rev. Stat. § 454.400, governing the establishment of the Division of Child Support Enforcement to administer state

plan, and setting out the duties and powers promulgated thereto;

Mo. Rev. Stat. § 454.475, governing administrative hearings and agency's authority to enforce and collect upon administraive order during hearing process and appeal unless enjoined by court order;

Mo. Rev. Stat. § 454.476, governing the entry of administrative orders, including orders directing employer to withhold and pay over money due, requests for hearing, and directive that withholding be implemented unless obligor posts bond or other security to insure payment of support;

Mo. Rev. Stat. § 454.496, governing the modification of support orders, effect of motion to modify upon director's authority to enforce and collect upon previous order, support payments affected by modification, and effective date of modification orders;

Mo. Rev. Stat. § 454.500, governing the modification of and/or amendments to administrative orders;

Mo. Rev. Stat. § 454.501, governing courts' authority;

Mo. Rev. Stat. § 454.505, governing administrative garnishment orders issued to employers, the time within which to request a hearing, and the time within which employer is to transmit payments; and

Mo. Rev. Stat. § 454.531, governing the recipient-parent's indebtedness to the division for the receipt of erroneous payments of child support, and potential criminal liability.

This extensive statutory scheme demonstrates the substantial public importance of domestic relations in the State of Missouri and the difficult multi-faceted questions of state law bearing on policy problems relating thereto. Indeed, the statutory backdrop sampled above provides support for the Supreme Court's recognition that "domestic relations are preeminently matters of state law," Mansell v. Mansell, 490 U.S. 581, 587 (1989), and that

state courts traditionally have authority over issues of child support given their unparalleled familiarity and experience in applying detailed state statutes, <u>Rose v. Rose</u>, 481 U.S. 619, 628 (1987). State authority is rarely displaced in this area. <u>Mansell</u>, 490 U.S. at 587. Any decision by this Court on the question raised by plaintiff's claim here, when viewed against the public importance of significant policy-driven state law, would transcend the result in this case and could potentially interfere with Missouri's statutory scheme in the area of domestic relations. As such, the undersigned determines it inappropriate for the federal court to decide this controversy. <u>See</u> <u>Ankenbrandt</u>, 504 U.S. at 705; <u>cf.</u> <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12 (2004) ("[W]hile rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.").

Accordingly, because the State of Missouri has a substantial interest in managing its citizens' domestic relations, has developed a comprehensive scheme for the enforcement of domestic orders and collections relating thereto, and has courts with expertise and experience in applying that scheme, this Court will abstain from determining plaintiff's instant due process claim which is inextricably intertwined with issues that were subject to

prior state adjudications.  See Khan, 21 F.3d at 861.

Plaintiff's due process claim raised against defendant Campbell in Count I of the Complaint should therefore be dismissed.

C.   Supplemental Jurisdiction

Inasmuch as the Court will dismiss plaintiff's due process claim, the undersigned declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim raised in Count II of his Complaint.  28 U.S.C. § 1367(c)(3).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(h)(3) (Doc. #9) is granted to the extent it requests the Court to decline jurisdiction over the instant cause of action.  In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that this Court abstains from determining the claim raised in Count I of plaintiff's Complaint, and plaintiff's due process claim against defendant Alyson Campbell is dismissed without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over plaintiff's state law claim raised in Count II of plaintiff's Complaint, and plaintiff's claim against defendant Missouri Department of Social Services—Family Support Division is

dismissed without prejudice.

                                                */s/ Frederick R. Buckles*
                                             UNITED STATES MAGISTRATE JUDGE

Dated this _19th_ day of July, 2011.